**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

DATACLOUD TECHNOLOGIES, LLC,
Plaintiff,
v.
POSHMARK, INC.,
Defendant.

Civil Action No. __________

**JURY TRIAL DEMANDED**

# COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff DataCloud Technologies, LLC (hereinafter, "Plaintiff" or "DataCloud") files this Complaint for patent infringement against Defendant Poshmark, Inc. ("Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

2. This is a patent infringement action to stop Defendant's infringement of the following United States Patent (the "Asserted Patent") issued by the United States Patent and Trademark Office ("USPTO"):

| | U.S. Patent No. | Reference |
|---|---|---|
| 1. | 7,246,351<br>(Exhibit A) | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7246351<br>https://patents.google.com/patent/US7246351B2/en?oq=7%2c246%2c 351 |

3. Plaintiff seeks monetary damages.

## PARTIES

4. DataCloud is a limited liability company organized and existing under the laws of the State of Georgia and maintaining its principal place of business at 44 Milton Avenue, Suite

254, Alpharetta, Georgia, 30009 (Fulton County).

5. Based upon public information, Defendant is a corporation incorporated under the laws of the State of Delaware.

**JURISDICTION AND VENUE**

6. Plaintiff repeats and re-alleges the allegations in the paragraphs above as though fully set forth in their entirety.

7. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

8. Defendant is subject to this Court's personal jurisdiction at least because it is incorporated in this State.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Defendant is incorporated in this State.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,246,351**

10. Plaintiff re-alleges and incorporates by reference each of the paragraphs above as though fully set forth in their entirety.

11. U.S. Patent No. 7,246,351 (the "'351 patent") was issued on July 17, 2007, after full and fair examination by the USPTO of Application No. 10/081,921, which was filed on February 20, 2002. The '351 patent is entitled "System And Method For Deploying And Implementing Software Applications Over A Distributed Network." *See* '351 patent at p.1. A Certificate of Correction was issued on November 20, 2007.

12. DataCloud owns all substantial right, interest, and title in and to the '351 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and

to collect damages for all relevant times.

13. DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’351 patent. Because the asserted claim of the ’351 patent is a method claim, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

14. The claims of the ’351 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve the deployment and operation of software applications over TCP/IP networks.

15. The written description of the ’351 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

16. Based upon public information, Plaintiff is informed and believes that Defendant has infringed at least claim 14 of the ’351 patent, either literally or under the doctrine of equivalents, because it shipped, distributed, made, used, imported, offered for sale, sold, and/or advertised the products and services, including its website infrastructure, in a way that infringes, including as shown in the claim chart attached hereto as Exhibit B, incorporated herein by reference.

17. On information and belief, Defendant has performed all steps of the asserted claim or, alternatively, to the extent a third party performed any step, Defendant conditioned the

third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. On information and belief, a third party could not use the accused functionality depicted in Exhibit B without performance of the steps recited in the asserted claim. Defendant also controlled the manner and/or timing of the functionality. In other words, for a third party to utilize the accused functionality depicted in Exhibit B, the steps of the asserted claim had to be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not have been available to third parties.

18. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

19. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **JURY DEMAND**

20. Plaintiff demands a trial by jury on all issues so triable by right.

## **PRAYER FOR RELIEF**

21. Plaintiff respectfully requests the following relief:

A. An adjudication that one or more claims of the Asserted Patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an

accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C. Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

D. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

E. Any further relief that this Court deems just and proper.

This 31st day of July, 2026.

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street, Third Floor
Wilmington, DE 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Of Counsel*

Cortney S. Alexander
(application for admission pro hac vice forthcoming)
cortneyalexander@kentrisley.com
Tel: (404) 855-3867
Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff